UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALAN PICKELHAUPT,

        Petitioner,

v.                                    CASE NO. 07-13844
                                    HONORABLE VICTORIA A. ROBERTS

RAYMOND BOOKER,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING THE HABEAS CORPUS PETITION WITH PREJUDICE,
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner David Alan Pickelhaupt has filed a *pro se* Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2254. The Habeas Petition challenges Petitioner's state convictions for assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and preparation to burn property, MICH. COMP. LAWS § 750. 77. Also pending before the Court is respondent Raymond Booker's Motion to Dismiss the Habeas Petition for failure to comply with the statute of limitations. The Court agrees with Respondent that the Habeas Petition is time-barred. Therefore, Respondent's Motion to Dismiss will be granted, and the Habeas Petition will be dismissed with prejudice.

**I. Background**

In 1997, following a jury trial in St. Clair County, Michigan, Petitioner was found guilty of assault with intent to murder his ex-wife and preparation to burn property. The trial court sentenced Petitioner as a habitual offender to imprisonment for twenty to sixty years for the assault and to a concurrent term of five to eight years for the preparation-to-burn conviction. The

Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion, *see People v. Pickelhaupt*, No. 202917 (Mich. Ct. App. Sept. 3, 1999), and on March 28, 2000, the Michigan Supreme Court denied leave to appeal. *See People v. Pickelhaupt*, 461 Mich. 999; 611 N.W.2d 795 (2000) (table). Petitioner's convictions became final ninety days later on June 26, 2000, when the deadline expired for seeking a petition for the writ of habeas corpus in the United States Supreme Court. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000); Sup. Ct. R. 13.1.

Over nine months later on April 11, 2001, Petitioner filed a motion for relief from judgment. According to the state court's docket, the trial court summarily denied the motion on May 22, 2001. Petitioner did not appeal the trial court's decision, and the deadline for doing so expired one year later on May 22, 2002. *See* Mich. Ct. R. 6.509(A) (providing a twelve-month period for appealing the decision on a motion for relief from judgment). Petitioner filed his habeas corpus petition on September 12, 2007. The habeas petition contains twenty-eight grounds for relief.

## II. Discussion

### A. The Statute of Limitations

Respondent argues in his Motion to Dismiss that Petitioner failed to comply with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As noted, Petitioner's conviction became final under subsection 2244(d)(1)(A) on June 26, 2000. The statute of limitations began to run on the following day, Fed. R. Civ. P. 6(a)(1), and it stopped running 288 days later on April 11, 2001, when Petitioner filed his post-conviction motion for relief from judgment. The limitations period was tolled while the motion was under consideration in the trial court. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). On May 22, 2001, the trial court denied Petitioner's motion. Petitioner then had one year in which to appeal the trial court's decision. Mich. Ct. R. 6.509(A). The statute of limitations resumed running on May 23, 2002, the day after the deadline for appealing the trial court's decision expired. The one-year limitations period expired seventy-seven days later on August 7, 2002. Petitioner filed his habeas petition over five years later.

## B. Equitable Tolling

Petitioner urges the Court to equitably toll the limitations period. Equitable tolling does apply to the one-year limitations period for habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). However, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). When deciding whether equitable tolling is appropriate, the Court considers and balances the factors set out in *Andrew v. Orr*, 851 F.2d 146 (6th Cir. 1988), "unless there is congressional

3

authority to the contrary." *Dunlap*, 250 F.3d at 1009. The Andrews factors are:

> (1) lack of actual notice of [the] filing requirement; (2) lack of constructive knowledge of [the] filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.

*Andrews*, 851 F.2d at 151.

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Plaintiff has not alleged that he was ignorant of, or lacked notice or constructive knowledge of, the filing requirement. Whether Petitioner was diligent in pursuing his claims is a matter of dispute. He contends that he never received notice of the trial court's denial of his post-conviction motion for relief from judgment. As proof of this, he points out that, on or about July 5, 2007, he filed a motion for expedited review of his motion for relief from judgment.

Lack of notice of a state court decision can be a basis for equitable tolling of the statute of limitations. *See Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002). The Sixth Circuit tolled the limitations period in *Miller*, but Mr. Miller waited only a matter of months before inquiring into the status of his post-conviction motion and then learning that the motion had already been decided. Petitioner, in contrast, waited over six years before requesting a decision on his post-conviction motion.

Petitioner attempts to explain his delay in filing a motion for review of his motion for relief from judgment by demonstrating that, on November 6, 2001, MDOC suspended the practice of opening prisoners' legal mail in their presence. Petitioner claims that this change in procedure eviscerated his ability to inquire about his motion for relief from judgment. He asserts

4

that it was reasonable for him to believe that he was neither permitted, nor able, to communicate with courts and attorneys and that they were not permitted to communicate with him. Although MDOC was ordered to resume opening prisoners' mail in their presence on March 15, 2005, Petitioner alleges that he did not learn of the resumption of normal procedures until June 30, 2007. He seeks equitable tolling of the statute of limitations to June 30, 2007. If the statute of limitations were tolled until then, his Habeas Petition would be timely.

The 2001 MDOC documents on which Petitioner supposedly relied are attached to his habeas petition. *See* Habeas Petition, Exhibits 1 and 2. The documents indicate that, as of October 24, 2001, MDOC stopped opening prisoners' legal mail in the prisoners' presence. The documents do not prohibit prison officials from delivering mail to prisoners, and Exhibit 2 states that MDOC shall not intercept or refuse to transmit a prisoner's correspondence with courts. Therefore, it was not reasonable for Petitioner to wait six years to inquire into the status of his post-conviction motion for relief from judgment. He has not shown that he was diligent in obtaining "vital information bearing on the existence of his claim." *Dixon v. Gonzales*, 481 F.3d 324, 332 (6th Cir. 2007)(quoting *Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003) (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990)).

### III. Conclusion

Petitioner has failed to comply with the statute of limitations, and he is not entitled to equitable tolling because he has not shown that he pursued his rights diligently and that some extraordinary circumstance stood in his way. To the extent that Petitioner is saying state officials created an impediment to the filing of a timely habeas petition, his claim fails because the change in screening prisoners' incoming mail did not prevent Petitioner from writing to the

trial court to inquire into the status of his post-conviction motion. Nor did the change in mail procedures prevent Petitioner from receiving legal mail.

Accordingly, Respondent's Motion to Dismiss [Doc. 5, Mar. 17, 2008] is granted, and the Habeas Corpus Petition [Doc. 1, Sept. 12, 2007] is **DISMISSED** with prejudice. The Court **DECLINES** to issue a certificate of appealability because reasonable jurists would not debate whether the Court's procedural ruling was correct and whether the habeas petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 30, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on April 30, 2008.

s/Carol A. Pinegar
Deputy Clerk